2 So.2d 341

## MONCRIEF v. CITY OF MIGNON.

### 7 Div. 540.

Court of Appeals of Alabama.

May 13, 1941.

L. H. Ellis, of Columbiana, for appellant.

R. Williams, of Sylacauga, for appellee.

SIMPSON, Judge.

The defendant was prosecuted in the lower court for a violation of an ordinance of the Town of Mignon. Specifically, that he "did maliciously, unlawfully or wilfully break, injure or deface a door belonging to the Avondale Mills, a corporation," within the corporate limits of said town.

The essence of the grievance against him seems to be that in his urgency to relieve a pressing call of nature he used some force —just how much is doubtful from the evidence—in opening a locked door of one of the company toilets. The damage—if indeed it could be so termed—resulting from pushing the door open, was in loosening the screws of the flange on the door facing which engaged the tongue of the lock, as a result of which the door became unfastened and opened, and defendant gained his desired objective.

We deem it purposeless to further detail the evidence. The defendant was fined $1, and from a judgment sentencing him to pay the fine and costs of $41.60, he has appealed to this court.

We have read and carefully considered the entire case in connection with the respective arguments of learned counsel. Under the undisputed evidence in this case, we are of the opinion that the acts complained of against the defendant do not come within the purview of the ordinance under which the prosecution was laid. He had been an employee of the mill for over five years and was on duty there at that time. He had been in the habit of using this toilet—as had other employees, according to their testimony. There is no evidence that he or anyone else had been forbidden to or warned not to make use thereof. All of the evidence tends to substantiate that it was subject to considerable and regular use of the employees. Furthermore, the reasonable tendency of the evidence absolutely negates the fact that defendant was guilty of any malicious, unlawful, or wrongful act, such as proscribed by the ordinance in question. So, he was entitled to a directed verdict in his favor. In refusing his request therefor, the learned trial court, we think, committed error.

In view of this holding, we will not review the other assignments of error.

Reversed and remanded.